UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

RCV'D - USDC COLA SC
APR 29 '25 PM3:26

Jonathan Ortiz, individually and as owner of In-N-Out Auto Wash, LLC,

Plaintiff,

v.

City of Camden, South Carolina, and Dean (Last Name Unknown), individually and in his official capacity,

Defendants.

Civil Action No.: 3:25-cv-03579-SAL-SVH

**COMPLAINT FOR DAMAGES**

**PARTIES**

1. Plaintiff Jonathan Ortiz is a citizen and resident of South Carolina, and the sole owner of In-N-Out Auto Wash, LLC, located at 1205 Wylie Street, Camden, South Carolina 29020.

2. Defendant City of Camden is a municipal government responsible for issuing business licenses, enforcing ordinances, and supervising city employees.

3. Defendant Dean (Last Name Unknown) is a city worker who, on or about April 29, 2025, removed business signs from Plaintiff's property, verbally imposed restrictions without any documentation, and has since repeatedly surveilled and harassed Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §1331 (federal question) and 42 U.S.C. §1983.
5. Venue is proper in this Court under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

6. Plaintiff has operated In-N-Out Auto Wash, LLC at the stated location for over one year, with banners, yard signs, flags, and an A-frame listing business hours visibly displayed on Plaintiff's private rented property.
7. Plaintiff's signage was placed entirely on private property, not within any public right-of-way, sidewalk, or easement, and fully complied with reasonable size and zoning standards.
8. There are no sidewalks, curbs, or pedestrian walkways near Plaintiff's business at 1205 Wylie Street; the signage was safely situated near the building without obstructing traffic or public use.
9. Plaintiff's A-frame was placed directly in front of the building, under the business's "open" sign, and not near any road or right-of-way.
10. Over the course of a year, Plaintiff displayed multiple yard signs at various times on his private rented property, and also affixed several signs to nearby light poles adjacent to the business, without any citation, warning, or objection from the City.
11. Plaintiff directly asked City officials what signage and promotional activities were permissible, including whether a grand opening or cookout was allowed, and was informed verbally that "nothing" was wrong and such activities were "fine."
12. On April 29, 2025, without written citation, ordinance reference, or proper legal notice, Defendant Dean arrived at Plaintiff's property in a City vehicle. Dean personally and physically removed Plaintiff's yard signs from the nearby light poles using his own hammer, without Plaintiff's permission or lawful authority.

13. Dean verbally instructed Plaintiff that flags, banners, "open" signs, and any additional yard signs were forbidden, and declared that Plaintiff could only have one sign affixed to the business building, despite no ordinance or written policy being cited.

14. Dean further stated he would "allow" one A-frame under his personal discretion, again without citing any ordinance or issuing written authorization, exceeding his lawful authority.

15. Since the signage removal, Dean has returned repeatedly to Plaintiff's business property, engaging in surveillance and harassment, including parking on neighboring private properties to observe Plaintiff's business operations.

16. Defendants' actions occurred days before the grand opening of a national chain competitor, Dunkin' Donuts, located near Plaintiff's business, thus interfering with Plaintiff's expected increase in business traffic and economic opportunity.

17. The City of Camden's sudden enforcement actions, after over a year of passive approval, constitute selective enforcement, retaliation, violation of due process, interference with commercial speech, and wrongful economic suppression.

## CLAIMS FOR RELIEF

Count I: Violation of Procedural Due Process (42 U.S.C. §1983)

Count II: Violation of First Amendment (Commercial Speech)

Count III: Unlawful Seizure and Trespass

Count IV: Negligent Supervision and Failure to Train (City of Camden)

Count V: Retaliation for Asserting Constitutional Rights

Count VI: Harassment and Stalking

Count VII: Intentional Infliction of Emotional Distress

Count VIII: Punitive Damages

Plaintiff further reserves the right to amend this Complaint to seek class action certification under Rule 23 of the Federal Rules of Civil Procedure if it is determined that Defendants' conduct reflects a broader pattern of unlawful targeting and suppression of small businesses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

- Compensatory damages of no less than $1,000,000;
- Punitive damages;
- Emergency injunctive relief restoring signage rights;
- A temporary restraining order against Dean;
- Attorney's fees and court costs;
- Such other relief as the Court deems just.
-

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Jonathan Ortiz*

Owner, In-N-Out Auto Wash, LLC

1205 Wylie Street

Camden, SC 29020

803-881-8349

jortiz@innoutautowash.com

Dated: April 29, 2025